# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF OKLAHOMA

**DEBTORS**
**ERIC R SCHULER**

FILED
AUG 1 2 2005
GRANT PRICE
CLERK, U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA
DEPUTY

**CASE NO.**
**05-17314 NLJ**

## ORDER CONFIRMING CHAPTER 13 PLAN

A summary of the debtor(s)' plan has been transmitted to scheduled creditors and it has been determined after notice and an opportunity for hearing the plan meets the confirmation requirements of 11 U.S.C. § 1325; therefore, IT IS ORDERED:

1. The debtor(s)' plan is confirmed as herein provided, and the debtor(s) is/are enjoined from incurring any debts except such debts approved pursuant to the Court's directives or as necessary for medical or hospital care.
2. The debtor(s)' requested exemption in _____ is:
   ☐ Allowed   ☐ Disallowed   ☐ Other _____

3. The debtor(s) submit future funds to the control of the Trustee as follows:
   a. Through payments directly by the debtor(s), unless and until debtor(s) miss(es) a payment in which event, **after notification to debtor(s), or attorney for debtor(s), the use of the Employer Wage Deduction provision of § 1325(c) is authorized.** The plan is expected to last a minimum of _36_ months. To the extent necessary to make the disbursements required under this Order, the plan term may be automatically extended to a term of up to 60 months. The debtor(s)' monthly plan payment is:
   *$625.00/MONTHLY*
   b. Unless this plan is confirmed as a 36 month plan guaranteeing a 100% dividend to unsecured creditors, the debtor(s) is/are to additionally surrender to the Trustee all tax refunds, bonuses, unused vacation pay and any other irregular or incidental disposable income received during the term of the Plan. These amounts shall be applied to the existing plan base; however, to the extent applying these additional amounts to the existing base would reduce the plan length to less than 36 months, the plan base shall be increased. Federal earned income credit portions of tax refunds shall be returned to the debtor(s) if a timely request for such relief is received prior to disbursement of the funds to creditors. The Trustee is authorized to submit ex parte orders to the Court directing turnover by third parties in possession of funds addressed by this paragraph.
   c. The debtor(s) is/are to additionally surrender to the Trustee the nonexempt portion of the proceeds of any lawsuit, inheritance or any other windfall in an amount in excess of $500. The plan base shall be increased by the amount received as a result of the lawsuit, inheritance or other windfall.

4. From Funds received, the Trustee shall disburse as follows:
   a. To the Trustee, administrative expenses to be paid in full pursuant to 11 U.S.C. § 1326(b)(2) and 28 U.S.C. § 586(e).
   b. To the Debtor(s)' attorney the sum of $_1,300.00_ to be paid at $_200.00_ per month.
   c. To secured creditors deferred payments as follows:
      i. To the holders of "long term" debts (loan term extends beyond the length of the plan) provided for under 11 U.S.C. § 1322(b)(5):

| CL # | CREDITOR | MONTHLY ONGOING PAYMENT | CL # | AMOUNT OF ARREARAGE | EST.* | INTEREST ON ARREARAGE | MONTHLY PYMT. ON ARREARAGE FIXED | P/R |
|---|---|---|---|---|---|---|---|---|
|  |  |  |  |  | ☐ |  |  | ☐ |
|  |  |  |  |  | ☐ |  |  | ☐ |
|  |  |  |  |  | ☐ |  |  | ☐ |
|  |  |  |  |  | ☐ |  |  | ☐ |

* The arrearage amount(s) is/are estimated and will be paid the amount stated on the claim unless objected to and limited by separate Court order. The interest rate to be paid on the arrearage is the amount reflected above.

   ii. To all other secured creditors, other than secured tax creditors, the value of the creditor's collateral as referenced below if secured by personal property or the value set by separate Court order if secured by real property, with interest in the amount stated below. To the extent the value exceeds the secured claim, only the claim amount, with interest as referenced below, shall be paid. Each secured creditor shall retain its lien until entry of an order granting discharge.
   iii. To secured holders of tax claims, payment in full of the claim as filed unless objected to.

13

Case No 05-17314 NLJ

| CL # | CREDITORS | COLLATERAL | VALUE | INT. | PYMT/MO FIXED | P/R |
|---|---|---|---|---|---|---|
| 2 | FMCC | 02 FORD MUSTANG | 15,725.00 | 9.40% | | ☒ |
| 5 | MATHIS BROTERS | FURNITURE | 699.00 | 10.00% | | ☒ |
| | | | | | | ☐ |
| | | | | | | ☐ |
| | | | | | | ☐ |

d. To creditors entitled to priority status pursuant to 11 U.S.C. §507, deferred payments as listed below:
   i. To the holders of pre-petition and/or post-petition priority tax claims, full payment pursuant to the filed claim unless limited by separate Court order.
   ii. To the holders of pre-petition priority child support and/or alimony claims, full payment pursuant to the filed claim unless limited by separate Court order.
   iii. To all other holders of priority claims listed below, full payment as follows:

e. To nonpriority unsecured creditors, as follows:
   i. To special nonpriority unsecured creditors, full payment as follows:

| CL # | CREDITOR(S): | AMOUNT TO BE PAID | INTEREST RATE |
|---|---|---|---|

   ii. Except as provided otherwise, allowed unsecured nonpriority claim holders will be paid a projected dividend of:
     0.00%   ☒ Base Plan   ☐ Best Interest of Creditors Test
            ☐ Percentage Plan   ☐ Liquidation Value

5. Other provisions of the plan, including payments to be made directly by debtor(s), collateral to be surrendered, and other conditions:

4 - HSBC - 2ND MORTGAGE - DIRECT PAY
6 - WELLS FARGO - MORTGAGE - DIRECT PAY
1 - FINANCE POINT - HEAT & AIR UNIT - DIRECT PAY
3 - GMAC - 03 TRAILBLAZER - SURRENDERED IN FULL SATISFACTION

If there is a surrender of property securing a claim, this Order operates to terminate the automatic stay of 11 U.S.C. § 362(a) and to abandon the surrendered property to permit recovery and disposition of the property.

6. If at any time during the case, an order terminating the automatic stay is entered, no further distributions will be made to the secured creditor obtaining stay relief until such time as the creditor files an amended claim reflecting any deficiency. Any allowed claim for a deficiency will be treated as a general unsecured claim unless ordered otherwise. No claim for a deficiency will be paid where collateral has been surrendered in full satisfaction of the debt.

7. The plan rejects all executory contracts, except such executory contracts assumed as follows:

8. Creditors not advising the Trustee of address changes may be deemed to have abandoned their claims.
9. If the Trustee identifies this case as a business case, the debtor(s) will provide the Trustee with such monthly reports as he requests on forms provided by the Trustee.
10. The Trustee will make no disbursements to any creditor until the creditor has filed a proper proof of claim and provided a file-stamped copy of the claim to the Trustee. In the case of a secured claim, the creditor must attach proper proof of perfection of its security interest as a condition of payment by the Trustee.
11. The Debtors are to pay a Base Amount of $ _22,500.00_ unless confirmed as a percentage plan. If confirmed as a percentage plan, the debtors are to pay the greater of the stated percentage or base amount.
12. All property shall remain property of the estate and shall vest in the debtor(s) only upon dismissal, discharge, conversion or other specific order of the Court. The debtor(s) shall be responsible for the preservation and protection of all property of the estate not transferred to and in the actual possession of the Trustee.
13. The debtor(s) is/are not current on required plan payments at the time of confirmation. If the debtor(s) is/are not fully current by _N/A_, the Trustee shall submit an ex parte Order of Dismissal to the Court, and the case will be dismissed without prior notice to the debtor(s). In order to be fully current on the required date, the debtor(s) must have paid a total of $ _N/A_ by that date.

DATED: 8-12-05

APPROVED: _[signature]_
Chapter 13 Trustee

JUDGE NILES JACKSON

Debtor(s)' Attorney DAVID MICHAEL ROBERTS