FILED

NOV 0 2 2005

GRANT PRICE
CLERK, U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA
BY:_____DEPUTY

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

IN RE:
ERIC R. SCHULER,                          )        Case No. 05-17314 NLJ
                                          )        Chapter 13
                    Debtor.               )
                                          )

## MOTION AND BRIEF OF FINANCEPOINT, INC. FOR ORDER DIRECTING ABANDONMENT AND GRANTING RELIEF FROM STAY, OR ALTERNATIVELY SEEKING ADEQUATE PROTECTION AND NOTICE OF OPPORTUNITY FOR HEARING

FinancePoint, Inc. ("Movant"), hereby moves that the Court order the abandonment of certain collateral, more particularly described hereinafter, and grant relief from the stay or, alternatively, provide adequate protection, and, in support of said Motion, would show the Court as follows:

1.      Eric R. Schuler ("Debtor") is the Debtor in the above-captioned case pending under Chapter 13 of the Bankruptcy Code.

2.      Movant is a secured creditor of the Debtor.

3.      This Motion is filed pursuant to Bankruptcy Rules 4001(a), 6007 and 9014, this Court having jurisdiction over this contested matter, pursuant to 28 U.S.C. § 134 and 11 U.S.C. §§ 362 and 554.

4.      On or about October 29, 2004, Debtor executed and delivered to Movant a Promissory Note (the "Note") in the original principal sum of $4,94.00 together with interest thereon as set forth therein, in favor of Movant for the purchase of certain collateral (the "Collateral") described as follows:

14

2 TON SIMPLE STAGE GAS UNIT
2A7A2024A100A
FURNACE – AUD060C9361L
COIL – TXC024C4HPB

A true and correct copy of the Note is annexed hereto as Exhibit "A" and by reference this exhibit is made a part hereof.

5.    Contemporaneously with the Note and to secure payment under the Note and all indebtedness represented thereby, a certain security agreement (the "Security Agreement") was executed and delivered to Movant by Debtor covering the Collateral.  A true and correct copy of the Security Agreement is annexed hereto as Exhibit "B" and by reference this exhibit is made a part hereof.

6.    Movant's security interest in the Collateral was properly perfected by filing a UCC-1 Financing Statement (the "Financing Statement").  A true and correct copy of the Financing Statement is annexed hereto as Exhibit "C" and by reference this exhibit is made a part hereof.

7.    Debtor has defaulted under the terms and conditions of the Note by failing to pay when due amounts as required to be paid by the Debtor to Movant.

8.    The Collateral described herein is burdensome to Debtor's estate, and the Court should order the trustee to abandon the Collateral pursuant to 11 U.S.C. § 554.

9.    By virtue of Debtor's default, Movant, but for the automatic stay effected by 11 U.S.C. § 362(a), is entitled to immediate possession of the Collateral described herein so that it may enforce its rights pursuant to the Note and Financing Statement.

2

10.    Movant does not have and has not been offered adequate protection for its interest in the Collateral, and absent such adequate protection, Movant will suffer irreparable harm and injury.

11.    Debtor has no equity in the Collateral.

12.    The Collateral is not necessary to an effective reorganization of the Debtor.

13.    If Movant is not permitted to enforce its rights pursuant to the Note, Security Agreement, and applicable law immediately, it will suffer irreparable injury, loss and damage. The Court should, therefore, life the automatic stay of 11 U.S.C. § 362(a) to permit Movant to obtain immediate possession of the Collateral to enforce its rights pursuant to the Note, Security Agreement and applicable law.

14.    By virtue of the lack of equity in the Collateral in favor of the Debtor, no other party-in-interest in this case has an interest in the Collateral.

15.    This is an action to satisfy a debt through the sale of the Collateral.  No personal judgment is being sought against the Debtor.  The total due on the debt as of July 7, 2005, is $4,875.75, excluding attorneys' fees and costs.  This amount includes principal, interest and late charges.  However, this amount is subject to change pursuant to any additional fees, charges, expenses, or advances which are incurred relating to this debt prior to the payment in full of the total debt as well as additional interest accruing after the date set forth above at the contract rate until paid.  **NOTICE OF RIGHT TO DEBT VALIDATION:**  The above figures have been provided by FinancePoint, Inc.  Unless the debt, or any part of it, is disputed by the person or entity responsible for payment of the above debt within 30 days from the receipt date of this mailing by contacting undersigned counsel for FinancePoint, Inc., setting forth the details of why the debt or any part of it is disputed, it will be assumed by FinancePoint, Inc. and its agents that

3

the figures are correct.  If the undersigned counsel for  FinancePoint, Inc. is contacted and the debt, or any part of it, is disputed within thirty (30) days from the postmarked date of this filing, verification of the amount of the debt will be obtained by counsel for FinancePoint, Inc. and a copy of such verification will be sent to the person or entity responsible for payment of the debt, and upon request within that thirty (30) day period, the undersigned, counsel for FinancePoint, Inc., will provide the name and address of the original creditor, if different from the current creditor.  **NOTICE:  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

WHEREFORE, Movant prays that this Court enter an order directing the trustee to abandon the Collateral, more particularly described herein, as burdensome, pursuant to 11 U.S.C. § 554(a), and modifying the automatic stay pursuant to 11 U.S.C. § 362(d) to permit Movant to enforce its rights pursuant to the Note, Security Agreement and applicable law.

Respectfully submitted,

Vickie J. Buchanan, OBA #18345
Jennifer H. Kirkpatrick, OBA #19504
PHILLIPS McFALL McCAFFREY McVAY
 & MURRAH, P.C.
Twelfth Floor, One Leadership Square
211 North Robinson Avenue
Oklahoma City, Oklahoma  73102
Telephone:  (405) 235-4100
Fax: (405) 235-4133

ATTORNEYS FOR MOVANT

4

## <u>NOTICE OF OPPORTUNITY FOR HEARING</u>:

You are hereby notified that you have 18 days from the date of filing of this motion to file a written response or objection to the requested relief.  If no response or objection is timely filed, the Court may grant the requested relief without further notice.  The 18 days period includes the 3 days allowed for mailing provided by Rule 9006(f) Fed.R.Bankr.Proc.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Motion and Brief for Order Directing Abandonment and Granting Relief from Stay, or, Alternatively, Seeking Adequate Protection, was mailed, postage prepaid thereon, this _2nd_ day of November, 2005.

D. Michael Roberts
4200 Perimeter Center Drive, Suite 245
Oklahoma City, OK 73112
**Attorney for Debtor**

John T. Hardeman
P.O. Box 1948
Oklahoma City, OK 73101
**Chapter 13 Trustee**

Herbert M. Graves
215 Dean A. McGee Avenue, Suite 408
Oklahoma City, Oklahoma  73102
**Assistant U.S. Trustee**

6

**FinancePoint**

## SECURITY AGREEMENT (CHATTEL MORTGAGE)

| ACCOUNT NUMBER 050-001139 | | | TYPE N/A | DATE FINANCE CHARGE BEGINS TO ACCRUE IF DIFFERENT FROM DATE OF NOTE / / | | | |
|---|---|---|---|---|---|---|---|
| MORTGAGOR(S) – DEBTOR(S) (NAMES AND ADDRESS) ERIC SCHULLER 5021 NW 47TH WARR ACRES, OK 73122 | | | | | SECURED PARTY – MORTGAGEE FinancePoint - Main Branch 4338 S.E. 29th Suite 3024 Del City, Oklahoma 73115 | | |
| Date of Note And this Mtg. | First Payment Due Date | Other Payments Due on Same Date of Each Month | Final Payment Due Date | Amount of Balloon Payment | Amount of Monthly Payment | Total Number Of Payments | Term of Loan in Months |
| 10/29/04 | 12/12/04 | 12 | 11/12/09 | $ N/A | $126.32 | 60 | 60 |

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | AMOUNT FINANCED | TOTAL OF PAYMENTS |
|---|---|---|---|
| 17.99 % | $ 2636.20 | $ 4943.00 | $7579.20 |

KNOW ALL MEN BY THESE PRESENTS that the below named Mortgagor(s) hereby mortgages and pledges to the Mortgagee hereinabove named, (a) that certain motor vehicle(s) described herein, together with all equipment and accessories thereunto now and hereafter attached and/or (b) the hereinafter described personal property, situated at the address where Mortgagor now resides, as set forth in the hereinafter mentioned promissory note, as security for the payment of a promissory note in the amount, date and terms stated above, subject to acceleration in time of payment in event of failure of Mortgagor to keep and perform certain conditions, provisions and stipulations therein and herein contained. Reference is hereby made to said promissory note now on file in the office of Mortgagee for the particular provisions thereof. This mortgage shall also secure any obligations given by Mortgagor to Mortgagee, and any future advances; and for any further indebtedness which shall hereafter be owing to Mortgagee by Mortgagor; it is contemplated by the parties hereto that future advances may be made which shall be secured by the herein described property and by virtue thereof this mortgage is given as security ; and as security for the performance by Mortgagor of each of the covenants and conditions set forth below:

The conditions of this mortgage are as follows:

To secure payment of all sums due hereunder and under any other obligation given by Mortgagor to Mortgagee, Mortgagor does hereby grant, convey and mortgage unto said Mortgagee the herein described property to have and to hold the same forever, provided that if said Mortgagor shall fully pay said Mortgagee all sums due in cash and shall keep and truly perform all agreements and covenants herein, this mortgage shall be void, otherwise to remain in full force and effect. Mortgagor warrants that the title of said property is vested in Mortgagor free of all liens and encumbrances. This chattel mortgage is given as security for money advanced.

Mortgagor shall keep said property free from all attachments, executions, liens, taxes and encumbrances, shall not use the same nor permit it to be used illegally, for hire, or in any contest, and shall not remove the automobile from this state or from the United States or remove the herein described furniture from the address where located on this date without the Mortgagee's written permission. Neither loss of nor injury to said property shall relieve Mortgagor from his obligations hereunder. Mortgagee, or the holder of this mortgage, is expressly given the right to go on public or private property in enforcing any of Mortgagee's rights hereunder without the same in any manner constituting a trespass against the Mortgagor(s) herein; consent to such entering by Mortgagee on public or private property is expressly given by Mortgagor(s).

The property described herein shall be at the Mortgagor's risk and Mortgagor shall procure and maintain for the term hereof insurance against all physical damage risks at Mortgagor's expense all in such form and for such amount as Mortgagee may legally require, the proceeds thereof to be payable to the Mortgagor and Mortgagee as their interests shall appear. In the event Mortgagor does not secure or maintain such insurance as Mortgagee may legally require to be in effect for the term hereof, the Mortgagee may declare this instrument in default or as creditor of the Mortgagor may purchase such insurance effective from the beginning of the term hereof and at any time, and from time to time thereafter, although nothing herein contained shall impose upon the Mortgagee the duty so to do and Mortgagee may add the cost thereof to Mortgagor's indebtedness secured by this instrument and the Mortgagor agrees to reimburse the Mortgagee for the actual cost of such insurance to the extent the same is not included in Mortgagor's indebtedness owing to Mortgagee, the amount of such reimbursement together with interest thereon at an annual percentage rate equivalent to that charged on Mortgagor's indebtedness to constitute an additional obligation of the Mortgagor hereunder and to be paid in equal installments over the term of the insurance. Nothing contained herein shall be construed to require you to obtain or maintain insurance on household goods.

Mortgagors, where authorized by law hereby assign to the Mortgagee any monies not in excess of the unpaid balance of indebtedness which this instrument secures which may become payable under such other insurance including return on unearned premiums, and direct any insurance company to make payment directly to Mortgagee to be applied to said unpaid indebtedness and hereby appoints Mortgagee as attorney-in-fact to endorse any draft. In the event of default under the terms of this instrument, Mortgagee is authorized to cancel said insurance and credit any premium refund received against such unpaid indebtedness. All policies may be retained by Mortgagee. Any insurance collected by Mortgagee may be applied at Mortgagee's option to the repair and restoration of said property, or upon the indebtedness of Mortgagor. Mortgagor agrees to repay Mortgagee on demand any payment made by Mortgagee preserving or protecting the lien of this mortgage against attachments, executions, and other claims of lien, Mortgagor shall pay all filing fees and state stamp taxes.

Mortgagor authorizes the Mortgagee at Mortgagor's expense to execute and file on Mortgagor's behalf a financing statement or statements or continuations thereof necessary to protect our security interest in the Collateral.

Description of Mortgaged Property now located in or about Mortgagor's premises at the residence set forth above (in addition to the Motor Vehicle(s)). If any, describe herein:

All property listed as security in a certain Federal Disclosure Statement executed by and delivered to the Mortgagor(s) on even date.

| Year | Make | Model | Body Type | Vehicle Identification Number | New/Used | # Cylinders |
|---|---|---|---|---|---|---|
| | Heati | Air | Unit - See | Attached | | |

All of the covenants and obligations herein contained shall be considered joint and several covenants and obligations of each maker and co-maker hereof.

IN WITNESS WHEREOF, the Mortgagor(s) have hereunto set their hands and seals on the day written above.

ACCEPTED

***FINANCEPOINT***

_____
Name of Secured Party

_____
Secured Party Agent

SIGNED

_____
Mortgagor

_____
Mortgagor



EXHIBIT
A
tabbies