

**FILED**

JAN 2 0 2006

CLERK, U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA
BY: _____ DEPUTY
GRANT PRICE

UNITED STATES BANKRUPTCY COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

IN RE:    ERIC R. SCHULER

                                         Bk. Case No. 05-17314 NLJ
Debtor.                                  CHAPTER 13

### MOTION FOR RELIEF FROM AUTOMATIC STAY AND FOR ABANDONMENT OF PROPERTY, OR IN THE ALTERNATIVE, MOTION TO DISMISS BANKRUPTCY AND BRIEF IN SUPPORT THEREOF

Wells Fargo Bank, N.A. successor by merger to Wells Fargo Home Mortgage, Inc.,

("Movant" herein) alleges as follows:

1. Movant is the current payee of a mortgage note secured by a mortgage of the same

date upon property generally described as follows:

> LOT ELEVEN (11), IN BLOCK ONE (1), OF SHAMROCK 7TH ADDITION
> TO WARR ACRES, OKLAHOMA COUNTY, OKLAHOMA, ACCORDING
> TO THE RECORDED PLAT THEREOF.
>
> PROPERTY ADDRESS: 5021 N.W. 47TH STREET, OKLAHOMA CITY, OK
> 73122

2. Movant is informed and believes, and, based upon such information and belief, alleges

that title to the subject property is currently vested in the name of Debtor.

3. There is currently due contractually an unpaid principal balance of $53,632.72 plus

interest at 4.5 percent per annum from November 1, 2005, plus late charges.

4. Movant alleges that there is insufficient equity in the property, to be of any value to

the estate and that the property is burdensome; that Movant is not adequately protected; that the

subject property is not necessary to reorganization or rehabilitation, and that it would be unfair

and inequitable to delay this secured creditor in the foreclosure of its interest.

5. That on or about June 17, 2005 Debtor filed his Chapter 13 Petition in Bankruptcy with this Court.

6. This Court ordered confirmation of the Debtor's proposed plan on August 12, 2005. The Debtor's confirmed plan called for the regular payment of $560.01 to be paid outside the plan, and the arrearages to be made up through the plan.

7. The Debtor has failed to make the required payments under the confirmed plan. He is behind 2 post-petition payments to Wells Fargo Bank, N.A. successor by merger to Wells Fargo Home Mortgage, Inc. Therefore, this case should be dismissed.

8. That Bankr. Rule 4001(a)(3) is not applicable and if this Motion is granted, Movant should be able to immediately enforce and implement the order granting relief from the automatic stay.

9. This Court has jurisdiction of this action pursuant to the provisions of Title 28 U.S.C. Section 157 (b)(2)(G) and 11 U.S.C. Section 362(d).

10. In accordance with the Fair Debt Collection Practices Act, unless the consumer, within thirty days after receipt of this notice, disputes the validity of any portion of the debt, the debt will be assumed valid. If said consumer notifies the undersigned attorney for Plaintiff in writing within said thirty day period that any portion of the debt is disputed, said attorney will obtain verification of the debt and/or judgment and a copy of such verification will be mailed to said consumer by the undersigned attorney for Plaintiff; and upon written request by the consumer within the thirty day period, the undersigned attorney for Plaintiff will provide the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt and any information obtained will be used for that purpose.

2

WHEREFORE, Movant prays as follows:

(1) For an Order granting relief from the automatic stay, abandoning the property from the bankruptcy estate and allowing Movant to commence and/or complete foreclosure proceedings under applicable state laws, including necessary action to obtain possession of the Property. Alternatively, if Movant is not entitled to relief from the automatic stay, Movant prays:

(2) For an Order determining that Bankruptcy Rule 4001(a)(3) is not applicable and Movant is allowed to immediately proceed to enforce and implement the Order granting relief and abandonment,

(3) For adequate protection as this Court deems proper,

(4) As a result of Debtor's failure to make the required payments, inside or outside the plan, Movant prays that this Bankruptcy case be dismissed, or, in the alternative for an order to be entered excluding Wells Fargo Bank, N.A. successor by merger to Wells Fargo Home Mortgage, Inc.'s property from this bankruptcy and the automatic stay herein and abandoning the property from the Bankruptcy Estate, or

(5) For such other relief as this Court deems appropriate, or

Any objection must include specific code and/or Case Law references, and must be filed within Eighteen (18) days from the mailing of this Motion. Unless an objection is timely filed,

3

the Court will grant the relief requested pursuant to 11 U.S.C. Section 102(1)(b)(i).

SHAPIRO & CEJDA, L.L.P.

BY: _____
Kirk J. Cejda #12241
770 N.E. 63rd Street
Oklahoma City, OK 73105
(405) 848-1819
Attorney for Secured Creditor

CERTIFICATE OF MAILING

The undersigned hereby certifies that on the ____ day of _____, 2006, the foregoing Motion was mailed to the following parties, to-wit: Eric R. Schuler, 5021 NW 47th Street, Oklahoma City, OK 73122, (Debtor), D. Michael Roberts, 4200 Perimeter Center Drive, Suite 245, Oklahoma City, OK 73142, (Attorney for Debtor), HSBC, 1441 Schilling Place, Salinas, CA 93901, (Lien Holder), John T. Hardeman, P.O. Box 1948, Oklahoma City, OK 73101, (Trustee).

_____
Kirk J. Cejda #12241

File No. 06-38110

4